(85 South. 242)

No. 22893.

MONTE BLANCO REAL ESTATE CORPORATION v. WOLVIN LINE et al.

(May 31, 1920. Rehearing Denied June 30, 1920.)

(Syllabus by Editorial Staff.)

1. International law ⟨⟫10—Inquiry by state court into validity of appropriation by de facto Mexican government prohibited.

In action for ownership of coffee as between Mexican plantation grower and purchaser from third party, wherein it was claimed that the coffee had been taken from the plantation by bandits, and evidence showed that the coffee was appropriated by the de facto government in control of the state in which the plantation was situated, an inquiry in a Louisiana court as to validity of such appropriation was precluded.

2. Evidence ⟨⟫48 — Courts judicially know recognition by United States government of foreign government.

The court will take judicial notice that the United States government recognized the government of Carranza in Mexico, first as the de facto and later the de jure government.

3. International law ⟨⟫4—United States recognition of foreign government conclusive as to its legal status.

The recognition by the United States government of the Carranza government in Mexico is conclusive of its legal status at the time of such recognition.

4. International law ⟨⟫4 — Recognition validates acts of government from its inception.

Recognition by the United States government of the Carranza government of Mexico was retroactive in effect, and validated all the actions of such government from the commencement of its existence.

5. International law ⟨⟫10 — Courts of one government will not pass on validity of acts of another.

The rule that the courts of one independent government will not sit in judgment on the validity of acts of another done within its own territory does not deprive the courts of jurisdiction once acquired, but requires merely that the courts accept as a rule for their decision such acts of the foreign government as to the subject-matter of the litigation.

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by the Monte Blanco Real Estate Corporation against Wolvin Line and Arbuckle Bros. Judgment for plaintiff, and last-named defendant appeals. Judgment set aside, and suit dismissed.

Merrick, Gensler & Schwarz, of New Orleans, for appellant.

Denegre, Leovy & Chaffe, of New Orleans, for appellee.

PROVOSTY, J. The plaintiff company claims ownership of, and has caused to be sequestered, 163 sacks of coffee, lately brought to this port by the defendant steamship line, consigned to the other defendant, Arbuckle Bros. The coffee was purchased by Arbuckle Bros. in Vera Cruz from the Testamentaria de Aguilar.

Plaintiff claims that a band of 50 bandits invaded its plantation, situated in the state of Vera Cruz, stole this coffee, and sold it to the Testamentaria de Aguilar.

Defendant's contention is that the coffee did not come from plaintiff's plantation, but that, even if it did, defendant's title is nevertheless good, because the appropriation of the coffee was by the government of Mexico, and is not subject to inquiry as to its validity in the courts of law of this country. Plaintiff denies that the appropriation was by the government of Mexico.

Plaintiff's agent and principal witness, Bermudez, testified that the fifty men who took possession of the plantation and of the coffee were under the command of Gen. Machuca, and that the latter was acting by order of Gen. Candido Aguilar. Now, at the date of this invasion of the plantation, December 17, 1914, Gen. Candido Aguilar was military governor of the state of Vera Cruz for the de facto Carranza government, and the de facto Carranza government was in control of the state of Vera Cruz. These are official matters which cannot be seriously disputed. That, as contended by plaintiff, the invaders of the plantation were acting independently of any political faction, is testified to by no one, and may be said to be disproved by the above referred to testimony of plaintiff's agent and principal witness, Bermudez, and does not accord with the fact that when this same agent revisited the plantation five months later, in June, 1915, these invaders were still in quiet and undisturbed possession.

[1-5] We conclude that the coffee was taken by the de facto Carranza government; and, these being the facts, the law governing the case is stated in the syllabus of the decision of the Supreme Court of the United States, in Ricaud v. American Metal Co., 246 U. S. 304, 38 Sup. Ct. 312, 62 L. Ed. 733, as follows:

"3. The court will take judicial notice of the recognition by the United States government of the government of Carranza, first as the de facto, and later as the de jure, government of Mexico."

"5. The recognition by the political department of the United States government of the Carranza government in Mexico is conclusive of its legal status.

"6. Recognition by the government of the United States of the Carranza government in Mexico is retroactive in effect, and validates all the actions of such government from the commencement of its existence.

"7. The courts of one independent government will not sit in judgment on the validity of the acts of another, done within its own territory.

"8. The rule that the courts of one independent government will not sit in judgment on the validity of the acts of another, done within its own territory, does not deprive the courts of jurisdiction once acquired over a case, but requires only that when it is made to appear that the foreign government has acted in a given way on the subject-matter of the litigation, the details of such action, or the merit of the result cannot be questioned, but must be accepted by the courts as a rule for their decision.

"9. The seizure, condemnation, and sale of personal property in Mexico * * * for the purpose of obtaining war supplies, before the recognition of such government by the United States as the legitimate government of Mexico, had the effect of divesting the title thereto of a citizen of the United States not in or a resident of Mexico when such seizure and condemnation occurred, and he cannot, upon such property being brought into the United States, assert his title thereto in the American courts, but must seek redress through the courts of Mexico or through the political departments of the United States government."

The identity of the coffee as being that taken from the plaintiff's plantation is seriously

disputed; but, we think, is established by a preponderance of the evidence. However, we see no necessity of going into this evidence here.

The judgment appealed from is set aside, and the suit of plaintiff is dismissed, with costs in both courts, with reserve of any right defendant may have to claim damages.

MONROE, C. J., takes no part.